UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALAN RAY SUTTON, II | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| TYLER GRIFFIN, | ) | **JURY TRIAL DEMANDED** |
| in his individual capacity only, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S COMPLAINT,**
**42 U.S.C. 1983, UNREASONABLE SEARCH**

Alan Ray Sutton, II, by counsel W. Bevis Schock and Erich Vieth, states for his Complaint, 42 U.S.C. 1983, unreasonable search:

## INTRODUCTION

1. Plaintiff Alan Sutton has long been involved in contentious domestic litigation. He has usually had at least 50/50 custody of his children. Defendant Tyler Griffin is a Crystal City police officer and friend of Sutton's ex-wife, Nicole Danback. Danback was previously a Crystal City police officer. Via Crystal City computers, Griffin used the Flock camera system to track Sutton's comings and goings in that municipality, likely trying to gather evidence relevant to the marital dispute. Griffin had no lawful reason for that conduct. Griffin's tracking of Sutton with the Flock system was an unreasonable search under the Fourth Amendment.

## PARTIES

2. Plaintiff Alan Ray Sutton, II is an individual who at all relevant times has lived in Jefferson County, Missouri.

3. Defendant Tyler Griffin has at all relevant times been a police officer in the City of Crystal City, Jefferson County Missouri. Sutton sues Griffin in his individual capacity only.

## JURISDICTION AND VENUE

4. Sutton brings the civil rights claims herein pursuant to 42 U.S.C. § 1983 and § 1988; and the Fourth Amendments to the United States Constitution.

5. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1343 and 2201.

6. Venue is proper in this Court under 28 U.S.C. § 1391 because the relevant events occurred in Jefferson County, Missouri, which is within the Eastern Division of the Eastern District of Missouri.

## COLOR OF STATE LAW

7. At all relevant times the Defendant acted under color of state law. More specifically, at all relevant times, Defendant acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the City of Crystal City and the State of Missouri.

## JURY DEMAND

8. Sutton demands a jury trial for all of his claims.

## FACTS

### Background

9. In 2012 Sutton divorced his ex-wife, Nicole Danback, in case number 11JE-DR00970. Modification of that divorce is in case number 11JE-DR00970-01. Since the original divorce Sutton and Danback have gone back to family court several times, and the relationship between them has often been strained and contentious. Until recently Sutton

and his ex-wife have had 50/50 time as to physical custody of their two children. Those children are now in their late teenage years.

10. There has never been any violence between Sutton and Danback, and neither has ever filed for an Order of Protection.

11. Sutton has been married to his current wife, Alicia Rene Sutton, for 13 years.

12. Alicia Sutton's parents live near Danback in Crystal City.

13. Sutton and his wife visit her parents on a regular basis.

14. Until approximately three years ago Danback had worked for Crystal City for many years first as a police officer and then as a dispatcher.

15. Danback's current husband was a licensed police officer in Crystal City for many years, until 2020.

16. On inference Danback, Danback's husband, and Griffin are all very friendly with one another.

17. Flock is a system which uses cameras and letter and number recognition software to track vehicles by license plate. The Flock system, when used properly, uses public information, that is the whereabouts of vehicles on public streets, as identified by their license plates, to track criminals.

18. A police officer may only use the Flock system to track the license plate of a vehicle when such use serves a lawful law enforcement purpose.

19. Use of the Flock system to track the whereabouts of a vehicle is a search under the Fourth Amendment.

20. An officer may only use Flock to conduct a search of the whereabouts of a subject's vehicle when the officer either has a warrant or has probable cause to do so under exigent circumstances.

21. There is a website called "haveibeenflocked.com." That website uses FOIA and Sunshine Act requests to determine whether a police officer has used Flock to track a person's whereabouts.

22. Sutton owns three vehicles, one which he uses regularly, and two which are parked in his yard, never used at any relevant time, and not visible from the road.

23. On August 15, 2026, Sutton entered his license plate numbers into haveibeenflocked.com.

24. From that inquiry Sutton learned that on September 16, 2025, Griffin manually entered Sutton's three license plates into the Flock system and used the system to search the whereabouts of Sutton's vehicles, and, by implication, the whereabouts of Sutton, during the period August 17, 2025, to September 16, 2025.

25. Sutton does not know how Griffin obtained the license plates of the two vehicles which Sutton does not drive and which are parked out of sight from the road.

26. The inquiries by Griffin have no report or incident numbers to justify the searches.

27. The inquiries are labeled as for "investigative purposes."

28. There was no reason whatsoever, much less a warrant or probable cause under exigent circumstances, for Griffin to initiate an investigation of the whereabouts of Sutton's vehicles via the Flock system.

29. The searches of September 24, 2025, occurred shortly before a custody modification hearing in Sutton's divorce case.

## DAMAGES

### Compensatory Damages

30. As a result of the above, Sutton has suffered garden variety emotional distress, including but not limited to nervousness, anxiety, worry, shock, humiliation, embarrassment, indignity, mental anguish, inconvenience, loss of enjoyment of life, lowered feelings of self-worth, weight gain, nightmares, and fear for the community due to the misconduct of a member of its police force.

### Punitive Damages

31. The conduct of Griffin was malicious or recklessly indifferent to Sutton's clearly established rights under the Fourth Amendment to the United States Constitution.

32. The offensive conduct of each individual Defendant calls for deterrence and punishment over and above that provided by compensatory awards.

33. Sutton therefore seeks punitive damages against Griffin in his individual capacity.[1]

## CAUSATION

34. All the damages suffered by Sutton were the direct and proximate results of the actions of Griffin as described above.

## NO QUALIFIED IMMUNITY FOR CONSTITUTIONAL CLAIM

35. A person's movements is protected private information. *Carpenter v. United States*, 585 U.S. 296 (2018).

---

[1] "We hold that a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. We further hold that this threshold applies even when the underlying standard of liability for compensatory damages is one of recklessness." *Smith v. Wade,* 461 U.S. 30, 56 (1983)

36. When an officer views a person's stored Flock history it is a search. *Chatrie* v. *United States*, 146 S.Ct. 2193 (2026).

37. Defendant had no lawful law enforcement purpose to the search and therefore there is no reasonableness defense.

38. Under *Carpenter* and *Chartrie*, read together, a warrant is needed to obtain stored location history from a third party.

39. That an officer cannot use Flock to track a person without a lawful law enforcement purpose is obvious.

40. In the alternative, Griffin is not entitled to qualified immunity because it is established by United States v. Kyle, ND OK, 26-CR-00189, ECF No. 62, p. 28&c that a search using Flock without either a warrant, exigent circumstances or other lawful purpose violates the constitution.[2]

41. Any reasonable officer would know it would violation the Fourth Amendment to use a Flock camera system to track the whereabouts of a member of the public with no lawful law enforcement purpose.

42. Griffin's conduct was reckless.[3]

**ATTORNEY'S FEES AND COSTS**

43. In pursuit of his constitutional claims, Sutton is incurring reasonable statutory attorney's fees, taxable costs, and non-taxable costs compensable under 42 U.S.C. § 1988.

**SOLE COUNT**

44. Plaintiff incorporates all prior paragraphs.

---

[2] Plaintiff acknowledges that to be the only case so holding.
[3] *Argonaut v. Lincoln County*, 952 F3d 992 (8th Cir. 2019)

45. *First*, Defendant searched Plaintiff's whereabouts by the Flock system

46. *Second*, Defendant had no legitimate law enforcement purpose to search Plaintiff's whereabouts by use of the Flock system,[4] and

47. *Third*, as a direct result Sutton was damaged.[5]

WHEREFORE, Sutton prays for compensatory damages and for punitive damages for unlawful search against Defendant Griffin in his individual capacities in a fair and reasonable amount, for reasonable attorney's fees, for costs, and for such other relief as the court finds to be just, meet and reasonable.

Respectfully Submitted,

/s/ W. Bevis Schock .
W. Bevis Schock, 32551MO
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO 63105
wbschock@schocklaw.com
cell: 314-757-0604
office: 314-726-2322
Attorney for Plaintiff

/s/ Erich Vieth
Erich Vieth, 29850 MO
20 South Sarah Street
St. Louis, MO 63108
erichviethattorney@gmail.com
Voice: (314) 604-3454
Fax: (314) 310-1181
Attorney for Plaintiff

[4] 8th Cir Model Jury Instructions, § 4.40
[5] See 8th Cir. Mod. Jur. Instrucs, § 13.70 Damages: Actual (42 U.S.C. § 1983), 13.72 Damages: Punitive (42 U.S.C. § 1983), and see *Wentz v. Maryland Cas. Co.*, 869 F.2d 1153, 1155 (8th Cir. 1989); *Woods v. City of St. Louis, Missouri*, 170 F.4th 1164, 1174 (8th Cir. 2026).